**WEBER v PEALER et**
**OHIO AMUSEMENT CO v PEALER et**

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2651 & 2652. Decided Feb 5, 1936

J. A. White, Columbus, and W. B. Bartels, Columbus, for appellant Weber.

Paul M. Herbert, Columbus, for appellant, The Ohio Amusement Company.

John L. Davies, City Attorney, Columbus, Baxter Evans, Asst. City Atty., Columbus, and Charles R. Petree, Asst. City Atty., Columbus, for appellees.

## OPINION

By THE COURT

The above entitled cases are similar in substance and each now comes before this court on an application for a temporary order pending the final determination of the case, restraining police from interfering with the operation of their business, or in the alternative that the court order the execution of the judgment of the Common Pleas Court to be stayed and suspended until the case is finally determined in this court. The applications are submitted on the pleadings and oral arguments. In cause No. 2651, plaintiff, Weber, alleges that he is the owner and operator of thirty Electro-Hoist machines which are located in various places in the city of Columbus, Ohio, and that he has contracts with various merchants in the City of Columbus to operate his said machines in their places of business, and further that he has large investments in said machines and that unless the court grants to him a temporary restraining order the appellees herein or their respective representatives will seize the property of plaintiff causing him great and irreparable injury for which he has no adequate remedy at law. In cause No. 2652, plaintiff, The Ohio Amusement Co., says that it sells breath pellets, a confection, by means of a vending machine being known as Novelty Merchant Man. There is also a further claim that unless enjoined said machines will be seized, etc.

In each instance the machines are operated by inserting a five cent coin and thereafter it is claimed that through the exercise of skill in manipulation merchandise of various kinds may be procured. It is the claim and theory of the appellees that said machines are gambling devices and that their operation is in violation of the criminal laws.

After issues joined and hearing in the Court of Common Pleas the trial court determined that they were gambling devices and that it would be illegal to permit their operation.

In the court below temporary restraining orders were granted pending the final hearing.

In the oral presentation in this court it was urged that unless the temporary restraining order was granted plaintiff's property would be seized and destroyed. After a careful examination of the pleadings we fail to find any allegation supporting the oral argument that defendants had threatened to or intend to destroy the machines. In the absence of any allegation of this character it would be improper for this court to grant a restraining order prohibiting the destruction of machines.

Examining the Code we find no statutory enactment authorizing the destruction of so-called gambling devices until after hearing and then only upon a determination that the possession of such device is a violation of law.

Of course gambling paraphernalia is contraband and when seized and destroyed by police officers even without court order probably would not create liability in damages. However, when such police officers assume to determine that such paraphernalia is contraband they do so at their peril and if it should subsequently be determined that it was not a gambling device they would be compelled to respond on their bond to the owner in damages.

Confining ourselves to the threatened claimed invasion of plaintiff's rights we do not feel in the light of the situation as presented to us that a temporary restraining order should be granted and for the following reason:

The trial court after hearing has judicially determined that the machines in question are gambling devices. We must indulge the presumption that this judg-

ment is right and warranted under the law. Of course this presumption only is controlling on application for a temporary order.

On the final hearing the cause being one in chancery will be heard de novo, and then after a full consideration of the record and the evidence it becomes the duty of this court to determine issuable questions as an original proceeding.

The application for temporary restraining order will be denied.

Entries may be drawn in accordance with this opinion.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.